We have four cases this afternoon. The first is number 24, 1463 Burns v. DHS, Ms. Kurtz. Go ahead. Good afternoon. You should stand at the podium. My name is Serena Kurtz, and I represent the appellant, Sean Burns, in this matter. We are here arguing that the award under the initial decision for damages was arbitrary and against settled law. When you have an award that starts and includes the sentence, if ever there was a petition that should be dismissed, it is this one, the resulting decision automatically looks arbitrary. And it appears that in that decision, that court is holding Mr. Burns liable for actions of his prior counsel when it discusses the attorney's fee award. This court has the ability to remand this because it is arbitrary. And while the agency argues that Mr. Burns had limited success in his appeal before the MSPB, we would disagree. The court ruled that the notice of proposed removal should not have been issued. Every action that took place after that was based on that notice of proposed removal. Are you contesting the fact that, according to what I've read, your client won two out of the 15 allegations of whistleblowing? We agree that the court ruled that he won on two. But what we're saying is that actions three, four, and five would never have existed if not for action two. Because my client was removed from service in February to do the investigation. In April, they issued the notice of proposed removal, and at that point, they placed him at the front desk changing his time schedule. They then moved him out to the airport to hand out uniforms, and then the notice of proposed removal was rescinded. So if it had not been for that notice of proposed removal in the beginning, they never would have taken actions three, four, and five. Because they didn't take them until they issued that notice of proposed removal, which that is one of the actions that the court said they should not have taken. How does this bear on damages? I'm sorry? How does this bear on damages? The court said that because we have limited success, and the agencies also argued that because it's limited success, it should be a very minor amount of damages. But we argue that the damages continued through until at least 2018 when the agency changed his EPMP from a zero to an accepts and meets expectations. And because of that, he should have more damages based on the fact that he spent years fighting this as well as those other actions never would have occurred. So any damage that comes from those other actions should also have been part of his damage award. What was the whistleblowing allegations he made? My client, there was a third party that did bag inspections, and he said that that went against the protocols that should have been in place at that time. And it was found to be that he was correct without going into the specifics of security information. But later it was found that what he did whistleblow about was in fact incorrect, and he was correct. So let's assume we don't agree or we don't accept that we at this level should be adjudicating the relationship between the whistleblowing charges that were actually found and the other stuff as being caused by that. So let's assume we're looking at just the two allegations, two and five. Does that do away with most, all of your arguments? No, because when you look at the award itself, the judge themselves made even what they gave to appear to be arbitrary based on the fact that she said that it should have been dismissed, that she shouldn't have given any damages. But also under Perlich, the standard of what you should see for compensatory damages should have included some of his medical. The court themselves quoted part of those medical records, but then also said that those records didn't exist. If you're looking at it from a preponderance of the evidence, if the court can quote the record and say that they exist, then they should have been part of his award for damages as well as lost wages. Even if you take out the Sunday differential, my client still lost pay based on the fact that that EPMP was never changed until 2018. And it's undisputed that even in 2018 when it was changed, he never received the raise or the bonus that would have gone with that back in 2015. And under Perlich, this court has said that you don't have to prove without a doubt that you would have gotten a promotion, that future work can be based on a preponderance of the evidence. And in this matter, the court did not make that kind of a ruling. They simply gave him driving back and forth to his attorney's office and some non-fecutionary damages. It is our determination that the court in its ruling said that there was no medical records provided, but then also quoted those medical records. If there was an issue with evidence, the court should have either issued an order stating there was a deficiency or held a hearing. While it's not required for them to hold a hearing on damages, in a matter where they're going to say things like there aren't any records here or the only thing he brought forward was all of these letters from his coworkers saying how this affected him, there should have been a hearing so that they could have had a sworn testimony or they could have gotten those records. But rather than do that, she gave a minimal award because she didn't – she couldn't dismiss the action in its entirety. Did you make this argument in your opening brief that somehow the government should pay damages for the other actions which were not found to be whistleblowing? We did make the argument that the issuance of the NOPR taints all the rest of the actions. Where did you make that argument in the brief? It was under the number – the third argument, I believe, and I don't have my brief directly in front of me. Did you make that argument before the administrative judge? Yes. And can you deal with it in her opinion? We did make that argument before the administrative judge, and she did not really address it in her decision except to say that this is what she was awarding. I didn't see it in the blue brief, but if you can show me, I'd be happy to look at it. Do you have your brief at your desk? I do not have my brief at my desk. You're supposed to bring your briefs with you when you argue. And I understand it's actually with the rest of my belongings. I traveled here from Florida. I apologize. I'm not sure where it is in the brief. Based on the fact that we find that the court ruled arbitrarily on the non-percutionary damages and awarded very little compensatory. We feel the court should remand it for further hearing. Thank you. Okay. Ms. Auburn. Good afternoon, Your Honors. May it please the court. Excuse me. In Mr. Burns' motion for damages, he does not meet his standard to establish entitlement to the more than $3 million in damages he requested before the board. That determination by the board is supported by substantial evidence where the board was able to determine a connection between the requested damages and the two personnel practices that were found to be prohibited. It did award damages and otherwise found it could not. Mr. Burns has not identified any error here on appeal, as Your Honors point out. Do you know the answer to Judge Dykes' question to your friend? Yes, Your Honor. I think I can answer it. My read of my colleague's brief is that it's not so specifically articulated as an argument about the effect of those four personnel practices on the two that were found upheld. I believe that in our brief, we address that to the extent she does make that argument. We believe that's inconsistent with this court's precedent, which has found that any award of damages must flow only from those two, or rather in this case, the two personnel practices that were successful, or the two IRA claims that were successful in the earlier decision. Can I just ask you a more general question about the medical expenses? I assume at least a portion of these medical expenses may have been covered by insurance. What happens if an employee gets an award? Are they obligated to reimburse their health insurance coverage, or is that just a matter that the health insurance folks have to come after them? Do you know how that works? If you don't know, that's fine. I hesitate to answer with total certainty. I think that for where the collateral source rule applies, a petitioner is entitled to recover for expenses a medical insurance company has paid under the insurance. Here, there are two separate medical requests, and I imagine that might be part of the source of the question, is that some of the medical expenses were requested as consequential damages, so those expenses claimed to be out-of-pocket versus those paid by the insurance. To Your Honor's specific question about a petitioner's obligation to repay insurance company, that I don't know the answer to. But if it would be helpful, I can, of course, figure that out. I think that I certainly welcome the panel's any additional questions from the panel, but I will just say that Mr. Burdens had the burden here. It was his materials that provided the record that the board considered quite thoroughly, and where there was substantiated claims, either of consequential damages or of compensatory ones, the board did what it could in awarding those limited damages, but found it was unable to otherwise, and a remand is not a proper solution to cure any of these claims otherwise. With all that to say, we ask that the court affirm. Thank you. While my colleague states that there was not substantial evidence, that's not the weight of the factors that go into making the determinant for the damages. It's a preponderance of the evidence. And here you have an administrative judge who both denies that records exist, and also uses those same records in order to make her ruling. By preponderance of the evidence, either those records exist, and therefore she used them, or they didn't. And so it's difficult to say that this is not an arbitrary ruling, and that it is not against settled law when you're not looking at substantial evidence. Exactly. She used the records, but then she didn't use them. I understood. She didn't think the records had sufficient documentation, or were sufficiently probative enough given the timing and so forth. So she did, I can see, she did look at them, but she found them insufficient. Isn't that what happened here? In one section, in the appendix in 36, she says that those records, they don't exist. And then in 46, she uses them and quotes the dates of those. And now she may have been using them from the expert that had also reviewed all of those records. There's a reason that we don't cap damages on whistleblowers, because awards like this where a judge has said that this petition should be dismissed, if she could dismiss it, has a chilling effect on our whistleblowers. At this point, Mr. Burns has given up 11 years in fighting these actions, and even after he has won on some of those actions, he's still in a position where the administrative judge is fighting against him for actions that are not of his making. That is all I have. Thank you. Okay. Thank you. Thank both counsel. The case is submitted.